IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| C.T. CHARLTON & ASSOCIATES, INC., a Michigan corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| DORMAN PRODUCTS, INC., a Pennsylvania corporation, | ) ) ) | Hon. |
| Defendant. | ) ) ) ) | |

## COMPLAINT

Plaintiff C.T. Charlton & Associates, Inc. ("CTCA"), by and through the undersigned counsel and for its Complaint against Defendant Dorman Products, Inc. ("Dorman"), formerly known as R.B. Management, Inc., states and alleges as follows:

## PARTIES

1. Plaintiff CTCA is a Michigan corporation with its principal place of business at 24000 Greater Mack Ave, Saint Clair Shores, MI 48080.

2. Defendant Dorman Products, Inc. is a Pennsylvania corporation with its principal place of business located at 3400 East Walnut Street, Colmar, PA 18915.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over CTCA's claims pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the claims arose in this district and a substantial part of the events giving rise to the claims occurred in this district.

## BACKGROUND

5. In September 2018, the parties entered into a Manufacturers' Representation Agreement (the "Agreement"), whereby Dorman agreed that CTCA would be its sales representative for all of its products in the defined Territory.

6. As a result of CTCA's services, Dorman has sold and continues to sell automotive parts to automotive manufacturers and suppliers in the Territory.

7. Many of the sales that Dorman Products has obtained through or as a result of CTCA's services continue for years as repeat orders and run for the life of the programs while the parts and/or vehicles are being produced.

8. In exchange for CTCA's services, Dorman Products agreed to pay CTCA a 5% sales commission on the net sales price of each order pertaining to the Territory which has been accepted and shipped. In the event that the sales

commission is less than $20,000, Dorman Products is also required to pay CTCA a sales commission in the amount equal to $20,000 minus the sales commission.

9. The original term of the Agreement was one (1) year continuing until the last day of August 2019. The Agreement automatically renews for two (2) year periods thereafter, unless cancelled by written notice and sent by prepaid certified mail 180 days prior to the termination of each applicable period.

10. The Agreement was amended several times in 2018 to modify the Territory subject to it.

11. The Agreement as amended is attached as Exhibit 1 hereto.

12. In August 2019, Dorman Products extended the Agreement until August 2021.

13. In August 2021, Dorman Products again extended the Agreement until August 2023.

## COUNT I
## BREACH OF CONTRACT

14. CTCA incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

15. The Agreement is a binding and enforceable contract under which Dorman is obligated to pay CTCA monthly retainers for the duration of the Agreement and commissions for sales made by Dorman Products in the Territory

for the life of the programs all as stated and defined in the Agreement the terms of which are fully incorporated here.

16. Dorman has obtained sales in the Territory as a result of CTCA's work and to-date paid commissions to CTCA on those sales.

17. CTCA has continued faithfully and diligently to represent Dorman Products in the Territory, but Dorman has circumvented CTCA's efforts and breached the Agreement by wrongfully and in bad faith:

(a) refusing to bid on or accept sales opportunities presented to it by CTCA from customers or potential customers in the Territory,

(b) using CTCA for introductions to potential customers in the Territory and then going "behind its back" to cut CTCA out of the sales process,

(c) telling CTCA to no longer communicate with customers or potential customers on its behalf in the Territory,

(d) manufacturing under false pretenses a purported failure by CTCA to maintain an undefined and vague minimum sales force in a false and baseless attempt to dispute CTCA's entitlement to commissions on sales in the Territory and to avoid payment of monthly retainers,

(e) declaring that the Agreement was terminated when it is non-cancelable and in effect until August 2023,

   (f) refusing to pay retainers and commissions owed CTCA for actual and potential sales under the terms of the Agreement,

   (g) blocked CTCA's efforts to make commissionable sales on behalf of Dorman, and

   (h) damaging CTCA's reputation with its contacts in the marketplace.

 18. As a direct and proximate cause of Dorman's breach, CTCA has been damaged in an amount to be proven at trial far in excess of $75,000.

 19. In addition, Dorman Products is liable to CTCA under the Pennsylvania Commissioned Sales Representatives Act, 43 Pa. Stat. § 1475, for: (1) two times the amount of commissions due but not paid, plus exemplary damages in an amount not to exceed two times the commissions due, and (2) the cost of the suit, including reasonable attorney fees.

 WHEREFORE, CTCA requests judgment in its favor for the full amount of damages proven at trial plus statutory penalties, including its attorney's fees and costs, plus pre- and post-judgment interest.

## COUNT II
## UNJUST ENRICHMENT

 20. CTCA incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

21. Alternatively, CTCA has provided services to Dorman that have resulted in Dorman obtaining business from and sales to automotive manufacturers and suppliers.

22. Dorman obtained a significant benefit from CTCA by utilizing CTCA's services and expertise in the automotive industry.

23. Dorman has retained the benefits provided to it by CTCA without adequately or properly compensating CTCA.

24. Dorman has been unjustly enriched to the detriment of CTCA without adequately or properly compensating CTCA.

WHEREFORE, CTCA requests a judgment against Dorman for an amount representing an adequate and proper commission in excess of $75,000 as will be proven at trial on sales made or that could have been made by Dorman to customers in the Territory plus pre- and post-judgment interest.

## COUNT III
## PROCURING CAUSE DOCTRINE

25. CTCA incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

26. Alternatively, if no express agreement is found to have existed between CTCA and Dorman as to commissions to which CTCA would be entitled, CTCA's entitlement to commissions is governed by the Procuring Cause Doctrine.

27. Under the Procuring Cause Doctrine, CTCA is entitled to commissions and on all accounts, sales, orders and/or re-orders of Dorman's parts procured as a result of CTCA's representation of Dorman, even if the sales, orders and/or re-orders take place after any termination of the Agreement.

28. While retained, CTCA successfully opened the doors for Dorman to procure sales of its parts to automotive manufacturers and suppliers.

29. The accounts and sales of Dorman parts procured by CTCA have and will likely continue for Dorman, and result in orders and/or re-orders of Dorman's parts through CTCA's efforts.

30. Pursuant to the Procuring Cause Doctrine, CTCA is entitled to a commission on all of Dorman's accounts, sales, orders and/or re-orders of Dorman's parts procured as a result of CTCA's efforts.

WHEREFORE, CTCA requests judgment against Dorman for commissions on all of Dorman's accounts, sales, orders and/or re-orders of Dorman's parts procured as a result of CTCA's efforts in an amount to be proven at trial in excess of $75,000 plus pre- and post-judgment interest.

## COUNT IV
## DECLARATORY JUDGMENT

31. CTCA incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

32. There is a present and immediate controversy between the parties with regard to Dorman's obligation to pay CTCA a 5% commission on the net sales of each current and future order from a customer in the Territory for the life of the programs and the fact that the Agreement remains in full effect until at least August 2023.

WHEREFORE, CTCA requests a declaration from the Court affirming the fact that the Agreement remains in full effect until at least August 2023 and declaring Dorman's current and future obligation to make commission and retainer payments to CTCA pursuant to the terms of the Agreement.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

        By:/s/Todd A. Holleman
           Todd A. Holleman
           Holleman@MillerCanfield.com
           Attorneys for Plaintiff
           150 West Jefferson, Suite 2500
           Detroit, Michigan 48226
           (313) 963-6420

Dated: November 16, 2021